UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHELLE HIGSON,<br>       Defendant | CRIMINAL NO. 16 - 10290<br><br>VIOLATIONS:<br><br>18 U.S.C. § 1344<br>Bank Fraud<br>(Count One)<br><br>18 U.S.C. § 513(a)<br>Uttering Forged Securities<br>(Counts Two and Three)<br><br>18 U.S.C. §§ 982, 492, and 981<br>28 U.S.C. § 2461<br>(Forfeiture) |

## INDICTMENT

The Grand Jury charges that:

At all times relevant to this Indictment:

1. Company A was a company, a legal entity, that manufactured precision electromagnets, charged particle beamlines, and high vacuum equipment in the semiconductor, energy, research, and medical industries. Located in Rowley, Massachusetts, it operated in and its activities affected interstate commerce.

2. Defendant MICHELLE A. HIGSON was an individual who resided in Groveland, Massachusetts, and who was employed by Company A as a part-time bookkeeper and office assistant. In that position, HIGSON was responsible for paying customers, balancing the ledger, and some purchasing, and she occasionally handled shipments to vendors.

3. Citizens Bank, N.A., was a national banking association organized under federal law, a

legal entity, which operated in and the activities of which affected interstate and foreign commerce, and a financial institution as defined in 18 U.S.C. § 20.

## THE SCHEME TO DEFRAUD

4. Beginning in or about December 2013 and continuing to in or about January 2015, HIGSON executed a scheme to defraud and to obtain money, funds, and property of Company A which was in the care, custody, and control of Citizens Bank.

5. During the period of the scheme, HIGSON caused 16 checks totaling $60,290.25 to be drawn on the Company A's Citizens Bank account and made payable to "cash" or "petty cash." HIGSON, who did not have signatory authority over the account, forged the signature of one of Company A's employees to each check and subsequently endorsed and cashed all of the checks. HIGSON used those funds to pay her personal expenses.

6. In order to conceal the scheme, HIGSON made, or caused to be made, entries into Company A's general ledger corresponding to the check numbers, dates, and amounts of the 16 forged checks, and for each check falsely identified a vendor for the purported payment.

## COUNT ONE
### (Bank Fraud – 18 U.S.C. § 1344)

7. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 6 of this Indictment and further charges that:

8. On or about the following dates, in the District of Massachusetts and elsewhere,

## MICHELLE A. HIGSON,

defendant herein, knowingly executed and attempted to execute a scheme and artifice to defraud a financial institution, and for obtaining money, funds, and property owned by Company A and under the custody and control of Citizens Bank, a financial institution, by means of material false and fraudulent pretenses, representations, and promises, by forging the signature of her employer to checks issued on Company A's Citizens Bank account and made payable to "cash" or "petty cash," endorsing the checks, and redeeming the checks for cash, as follows:

| Check Number | Payee | Date | Amount |
| --- | --- | --- | --- |
| 6254 | "Cash" | 12/19/13 | $3000 |
| 6257 | "Petty Cash" | 01/16/14 | $1000 |
| 6271 | "Petty Cash" | 02/27/14 | $3000 |
| 6269 | "Petty Cash" | 03/14/14 | $4730 |
| 6276 | "Petty Cash" | 04/18/14 | $4730 |
| 6279 | "Petty Cash" | 05/02/14 | $4730 |
| 6288 | "Petty Cash" | 06/04/14 | $4730 |
| 6289 | "Petty Cash" | 07/01/14 | $4730 |
| 6297 | "Petty Cash" | 08/01/14 | $4730 |
| 6300 | "Petty Cash" | 08/13/14 | $2250 |
| 6303 | "Petty Cash" | 08/26/14 | $3500 |
| 6309 | "Petty Cash" | 10/02/14 | $3550 |
| 6313 | "Petty Cash" | 10/29/14 | $3550 |
| 6317 | "Petty Cash" | 11/19/14 | $3755 |
| 6322 | "Petty Cash" | 12/04/14 | $4730 |
| 6330 | "Petty Cash" | 01/06/15 | $3575.25 |

All in violation of Title 18, United States Code, Section 1344.

## COUNTS TWO AND THREE
(Uttering a Forged Security – 18 U.S.C. § 513(a))

9. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 6 of this Indictment and further charges that:

10. On or about the dates set forth below, in the District of Massachusetts and elsewhere,

### MICHELLE A. HIGSON,

defendant herein, made, uttered, and possessed forged securities of an organization, as defined in 18 U.S.C. § 513(c)(4), that is, Company A, a legal entity that operates in and the activities of which affect interstate commerce, with the intent to deceive another organization, Citizens Bank, also a legal entity that operates in and the activities of which affect interstate commerce, that is, forged checks of Company A, used to defraud Citizens Bank, as follows:

| Count | Check Number | Payee | Date | Amount |
|---|---|---|---|---|
| 2 | 6254 | "Cash" | 12/19/13 | $3000 |
| 3 | 6330 | "Petty Cash" | 01/06/15 | $3575.25 |

All in violation of Title 18, United States Code, Section 513(a).

## BANK FRAUD FORFEITURE ALLEGATIONS
(18 U.S.C. § 982(a)(2))

The Grand Jury further alleges that:

11. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1344, set forth in alleged in Count One of this Indictment, the defendant,

MICHELLE A. HIGSON

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such offense.

12. If any of the property described in Paragraph 11 above as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2), as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred to, sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of this Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 11 above.

All pursuant to Title 18, United States Code, Section 982(a)(2).

## FORGERY FORFEITURE ALLEGATIONS
(18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 492 & 28 U.S.C. § 2461)

The Grand Jury further alleges that:

13. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 513(a), set forth in Counts Two and Three of this Indictment, the defendant,

## MICHELLE A. HIGSON

shall forfeit to the United States (i) pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses; and (ii) pursuant to Title 18, United States Code, Section 492 and Title 28, United States Code, Section 2461(c), all counterfeits of any coins or obligations or other securities of the United States or of any foreign government, or any articles, devices, and other things made, possessed, or used in such violation, and any material or apparatus used or fitted or intended to be used, in the making of such counterfeits, articles, devices or things, found in the possession of the defendant without authority from the Secretary of the Treasury or other proper officer.

14. If any of the property described in Paragraph 13 above as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 492, and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred to, sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of this Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28 United States Code, Section 2461(c), to seek forfeiture of all other property of the defendant up to the value of the property described in Paragraph 13 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 492, and Title 28, United States Code, Section 2461(c).

A TRUE BILL

*Kathryn Hansen*
FOREPERSON OF THE GRAND JURY

*[signature]*
Anne Paruti
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS:

Returned into the District Court by the Grand Jurors and filed on September 29 2016.

*[signature]*
DEPUTY CLERK
9/29/2016
@ 1:40pm